IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

CAMMRON ROBINSON,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   1:18-CR-404 (TJM)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence.

## I

## INTRODUCTION

On December 13, 2018, the defendant pled guilty pursuant to a written plea agreement to a four-count Information charging the defendant with Sexual Exploitation of a Child and Willfully Causing an Act to be Done, in violation of 18 U.S.C. § 2251(a), (e) and 18 U.S.C. § 2(b).   The factual basis for the guilty plea which is set forth in the PSR at paragraph 3 and was not objected to by the defendant at his guilty plea states:

a)   At all times relevant to the indictment, the defendant was living in Ulster County, New York, which is located in the Northern District of New York.

b)   From in or about 2015 through in or about 2017, the defendant, using various electronic communications platforms including Skype, Zoom, PS4, and a cellular telephone, communicated with numerous male children.   During the course of these communications

the defendant persuaded, induced, enticed, coerced, and willfully caused boys between the ages of 11 and 13 to masturbate and show him their genitalia by transmitting live depictions of the sexually explicit activity to him.   These sexually explicit acts and images were recorded by the defendant so that he could watch and/or look at them again**.**

c)   The defendant also persuaded, induced, enticed, coerced, and willfully caused boys between the ages of 11 and 13 to produce and send him pictures of their genitalia.   In response to the defendant's instructions, boys between the ages of 12 and 14 produced lewd and lascivious pictures of their genitalia for the defendant, and at his request sent them to the defendant via e-mail using an internet connection.

d)   At the time that he engaged in the conduct described above, the defendant knew that the boys involved were under 18 years of age.

e)   Among the images and videos created as a result of the defendant's conduct, and possessed by the defendant on his laptop computer (Lenovo Laptop Y900 Model 80Q1, serial number PF0LNK4Z) are the following:

- A video file stored in a file folder under Victim #1's true name [1] titled "ScreenCap0.avi" that is approximately 8 minutes long and depicts Victim #1 masturbating.

---

[1]  Victim #1 has been identified by law enforcement.   He was under the age of 13 at the time of the offense.

- A video file stored in a file folder under Victim #2's true name [2] titled "Untitled2.avi" that is approximately 29 minutes and 49 seconds long and depicts Victim #2 masturbating.

- 3 images stored in a file folder under Victim #3's true name[3] that depict Victim #3's genitals displayed in a lewd and lascivious manner.

- A video file stored in a file folder under Victim #4's true name [4] titled "2017_08_10_0232_57.mp4" that is approximately 23 minutes and 54 seconds long and depicts Victim #4   masturbating while Robinson tells Victim #4 where to place the cellular telephone so that the camera can best capture the child masturbating.

f) The defendant admits that he persuaded, induced, enticed, and coerced each of the male children to perform the sexually explicit conduct for the purpose of having them produce the videos and images for him of that conduct.

g) The defendant acknowledges that each of the items listed in the forfeiture allegation of the information and in paragraph 1(f) contained child pornography files, or were used or intended to be used to facilitate child exploitation crimes.

Robinson is scheduled to be sentenced on May 9, 2019.

---

2   Victim #2 has been identified by law enforcement.   He was under the age of 14 at the time of the offense.

3   Victim #3 has been identified by law enforcement.   He was under the age of 12 at the time of the offense.

4   Victim #4 has been identified by law enforcement.   He was under the age of 12 at the time of the offense.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

The defendant's convictions on each of counts 1 – 4 of the Information subject him to a statutory minimum term of imprisonment of 15 years, and a statutory maximum term of 30 years imprisonment per count.   18 U.S.C. § 2251(e); PSR ¶ 107.   In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 112; and a fine of up to $250,000.   18 U.S.C. § 3571; PSR ¶ 117.[5]

**2.      Guidelines Provisions**

**a.      Offense Level**

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting ultimately in a Total Offense Level of 43.   PSR ¶¶ 33-73.

**b.      Acceptance of Responsibility**

The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."   PSR ¶ 72.

**c.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.   PSR ¶ 78.   The Government agrees with the Probation Office's determination of the defendant's

---

[5] The Government agrees with the assessment of the Probation Officer that it appears the defendant does not have the ability to pay a fine.   PSR ¶ 106.

criminal history category.

### d.   Guidelines Range and Sentence

As described above, the defendant's total offense level is 43 and his criminal history category is I.   As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life imprisonment.   However, as the statutorily authorized maximum sentence for each count is 30 years (360 months), the guideline sentence is 120 years (1,440 months). U.S.S.G. § 5G1.2(d)(to the extent that the Guidelines range is above the statutory maximum for the counts of conviction, the sentences imposed shall run consecutively "to the extent necessary to produce a combined sentence equal to the total punishment.")   PSR ¶¶ 108-109.

The Guidelines and statutory term of supervised release is no less than 5 years, and up to life, and the Guidelines recommend lifetime supervision.   PSR ¶114; U.S.S.G. § 5D1.2.

## 3.   Forfeiture

As set forth in the Forfeiture Allegation of the Information and the Preliminary Order of Forfeiture For Specific Property signed by the Court on February 15, 2019, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. §2253.   PSR ¶123.

## 4.   Restitution

The minors depicted in the images and videos involved in the defendant's crimes of conviction are victims of his offenses.   Pursuant to 18 U.S.C. §§ 3663A and 2259(b)(4), restitution shall be ordered.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION[6]

For all of the reasons set forth herein, the Government maintains that a Guidelines sentence is warranted, and not greater than necessary to comply with the purposes of sentencing.   18 U.S.C. § 3553(a).[7]   The record reveals no mitigating factor not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases in considering the Guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 352 (2007), nor any factor that would suggest that anything but a Guidelines sentence is warranted for this defendant. PSR ¶¶ 125-126. The Defendant is requesting a sentence of 15 years for all four counts of conviction which reflects the mandatory minimum in this case.   That position is clearly not warranted by the facts of this case which includes the sexual exploitation of four children over the course of 2 years and the defendant engaging in a pattern of manipulative conduct aimed at the most vulnerable members of society.   If the Court were to consider a Non-Guidelines sentence, the Government would ask that such a sentence take into account the harm suffered by each victim and run those sentences consecutively and at a minimum sentence the defendant to 30 years in custody and a lifetime of

---

[6]   The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

[7] Because of the statutory maximum sentences, in order to accomplish a Guidelines sentence the Court would need to impose one or more counts to run consecutively to one another to produce a combined sentence that equals the total punishment.   PSR ¶ 109, U.S.S.G. § 5G1.2(d).

supervised release.

Perhaps the most compelling argument that the defendant merits a Guidelines sentence is the manner in which he exploited his victims.   That exploitation revolved around the defendant actively targeting young boys who he met online while they were playing video games on a PlayStation video game system. PSR ¶¶13-27.   The defendant then convinced his victims to give him personal information so that he could interact with them directly over other internet, and electronic and video platforms including Skype, Zoom, PlayStation and cellular telephones. PSR ¶3(b).   Once he was able to isolate his victims the defendant resorted to various forms of manipulation, bribery, bullying and threats to coerce and induce his victims to send him sexually explicit images and videos.   These acts include:

- The defendant telling Victim 1 that he loved him and was dying of stage IV cancer and getting mad at Victim 1 when he did not comply with his requests.   PSR ¶¶10 and 13.

- The defendant yelling at, threatening to kill and threatening to hack Victim 2's PlayStation Account.   PSR ¶¶21-23.

- The defendant offering Victim 2 a gift card if he sent him a pornographic image of himself.   PSR ¶24.

- The defendant telling Victim 4 he knew where he lived (Canada) and threatening to hurt Victim 4's family if he did not comply with his requests to expose himself and masturbate for him over Skype.   PSR ¶27.

Thus, in his efforts to procure these images from his victims the defendant resorted to manipulation, bribery, extortion and when all else failed threats of violence against these children. PSR ¶¶10, 13, 21-24, and 27.

The defendant argues that he is not a hands on offender and therefore poses less of a threat to society as a whole and children in general.   While that may be true with respect to the actions the defendant has taken in this case, it ignores the significant history of sexual aggression perpetrated by the defendant on other children when he was himself a child.   Conduct that was so severe it required that he be closely monitored by adults in the facilities he lived in.   PSR ¶¶97-99.

Finally, in determining the risk the defendant continues to present to society, the Court should examine the conduct the defendant has engaged in while in custody in this case.   That conduct does not depict a scared young man being bullied, but rather depicts a defiant man who refuses to comply with the requests of those charged with housing him and maintaining order. His conduct includes tampering with his cell locks, cursing out corrections officers, failing to comply with directions from officers, threatening to throw urine on officers, vandalizing other inmates' cells, and threatening to shoot a corrections officer between the eyes and bomb his house when he gets out of custody. PSR ¶80

The Government maintains that all of the facts set forth above, and in greater detail in the PSR, present this Court with ample reason to impose a Guidelines sentence "as opposed to some lower sentence," to "deter an offender like [Robinson]," and that such a sentence is not only reasonable, but warranted, and clearly, applying the Guidelines with "great care," justified. *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).    It is also a sentence that at least begins

to address the seriousness of Robinson's offenses and the great harm they have inflicted upon the

children Robinson so selfishly, gratuitously, and intentionally, victimized.


Respectfully submitted this 1st day of May, 2019,


                                GRANT JAQUITH
                                United States Attorney


                        By:     /s/ Geoffrey J. L. Brown
                                Geoffrey J. L. Brown
                                Assistant United States Attorney
                                Bar Roll No. 513495

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

*******************************************

UNITED STATES OF AMERICA,

        Criminal Action No.

    v.

        1:18-CR-404 (TJM))

CAMMRON ROBINSON,

           Defendant.

*******************************************

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 1, 2019, I electronically filed the **GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

    Lisa Peebles, Esq

                /s/   *Jennifer Buggs*
                Jennifer Buggs
                Legal Assistant