```
 1    UNITED STATES DISTRICT COURT

 2    NORTHERN DISTRICT OF NEW YORK

 3    ----------------------------------------------------------

 4    UNITED STATES OF AMERICA,

 5              -versus-                      18-CR-404

 6    CAMMRON ROBINSON.

 7    ----------------------------------------------------------

 8                 TRANSCRIPT OF CHANGE OF PLEA

 9    held in and for the United States District Court, Northern

10    District of New York, at the Federal Building, 15 Henry

11    Street, Binghamton, New York, on December 13, 2018, before

12    the HON. THOMAS J. McAVOY, Senior United States District

13    Court Judge, PRESIDING.

14

15    APPEARANCES:

16    FOR THE GOVERNMENT:

17    UNITED STATES ATTORNEY'S OFFICE

18    BY:  GEOFFREY BROWN, AUSA

19         Syracuse, New York

20

21    FOR THE DEFENDANT:

22    FEDERAL PUBLIC DEFENDER'S OFFICE

23    BY:  LISA PEEBLES, FPD

24         Syracuse, New York

25
```

USA vs Robinson

```
 1              THE CLERK:  United States of America versus

 2     Cammron A. Robinson 1:2018-CR-404.  Can we please have the

 3     appearances for the record.

 4              MR. BROWN:  Geoffrey Brown for the United States.

 5     Good morning, your Honor.

 6              THE COURT:  Morning, Mr. Brown.

 7              MISS PEEBLES:  Lisa Peebles appearing on behalf of

 8     Cammron Robinson.  Mr. Robinson is also present.  Good

 9     morning, your Honor.

10              THE COURT:  Morning, Miss Peebles; morning,

11     Mr. Robinson.

12              THE DEFENDANT:  Morning, Judge.

13              THE CLERK:  Will the defendant please rise and

14     raise your right hand.

15                  (Defendant was duly sworn)

16              THE COURT:  All right.  Miss Peebles, as I

17     understand it your client, Mr. Robinson, today wishes to

18     waive his right to indictment by a grand jury and enter a

19     plea of guilty to counts one, two, three and four of the

20     information filed by the government and admit to the

21     forfeiture allegations contained in that charge.  Is that

22     your understanding?

23              MISS PEEBLES:  It is, your Honor.

24              THE COURT:  Mr. Brown, is that your understanding?

25              MR. BROWN:  Yes, your Honor.
```

USA vs Robinson

```
1              THE COURT:  All right.  Mr. Robinson, I'm going to
2    ask you a series of questions and to begin with, would you
3    please state your full name for us.
4              THE DEFENDANT:  Cammron L. Robinson.
5              THE COURT:  How old are you?
6              THE DEFENDANT:  Twenty-three.
7              THE COURT:  What's your date of birth?
8              THE DEFENDANT:  January 3, 1995.
9              THE COURT:  Are you married?
10             THE DEFENDANT:  No.
11             THE COURT:  Do you have any children?
12             THE DEFENDANT:  No.
13             THE COURT:  How far did you go in school?
14             THE DEFENDANT:  Nine credits short of college
15   associates.
16             THE COURT:  Say that again.
17             THE DEFENDANT:  Nine credit short of college
18   associate's degree.
19             THE COURT:  What kind of work have you done over
20   the years?
21             THE DEFENDANT:  Life guarding, food services, IT.
22             THE COURT:  Have you had any alcohol or narcotics
23   in the past 48 hours?
24             THE DEFENDANT:  No.
25             THE COURT:  Are you currently or have you recently
```

USA vs Robinson

```
1    been under the care of any physician, psychiatrist or other

2    medical care provider for any physical or mental condition?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Tell me about it.

5              THE DEFENDANT:  ADHD, ADD, PTSD, insomnia, bipolar,

6    anxiety and depression.

7              THE COURT:  Are you taking any medications at the

8    present time?

9              THE DEFENDANT:  Yes.

10             THE COURT:  What are you taking?

11             THE DEFENDANT:  Seroquel, Remeron and Clonidine.

12             THE COURT:  Are any of those medications or

13   combination thereof interfering with your ability to

14   understand the charge and the consequences?

15             THE DEFENDANT:  No.

16             THE COURT:  Did the Court appoint Miss Peebles to

17   represent you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Has she shown you a copy of the

20   information?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Did she explain the charge in the

23   information to you?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Did she explain to you that you used a
```

USA vs Robinson

```
 1    computer and other electronic means to engage people under

 2    the age of 18 in sexually explicit conduct for the purpose of

 3    causing the transmission of visual images of that conduct in

 4    interstate commerce by using means of items that were

 5    transported and in and through interstate commerce.  Do you

 6    understand that charge?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  All right.  Now, the charges in counts

 9    one, two, three and four, they're all felony charges and you

10    can't be convicted of a felony unless one of two things

11    happens:  Either the case is sent to the grand jury and it

12    indicts you or, like today, you waive or give up your right

13    to indictment and consent to being charged to the charges

14    made in counts one through four in the information instead of

15    being indicted.  Do you understand that?

16              THE DEFENDANT:  Yes.

17              THE COURT:  Now, did you talk to Miss Peebles about

18    waiving your right to indictment?

19              THE DEFENDANT:  Yes.

20              THE COURT:  And do you understand that you do have

21    a right to have this matter presented to and considered by a

22    grand jury and have it indict you?

23              THE DEFENDANT:  Yes.

24              THE COURT:  Has anybody made any promises or

25    threats to you to induce you to waive indictment?
```

USA vs Robinson

```
 1              THE DEFENDANT:  No.

 2              THE COURT:  Do you wish to waive your right to

 3    indictment by a grand jury?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  All right.  Miss Peebles, do you see

 6    any reason why your client should not waive his right?

 7              MISS PEEBLES:  No, your Honor.

 8              THE COURT:  All right.  The Court will find that

 9    the waiver was made knowingly and voluntarily and will accept

10    the waiver.

11              Now, in a few moments I'll ask you some

12    additional questions in order to learn if you're pleading

13    guilty freely and voluntarily with an understanding of the

14    charges and the consequences.  I'm going to be asking you if

15    anybody has made any promises of leniency to you to induce

16    you to plead guilty, except what's in your plea agreement, or

17    if anybody has threatened you with the use of force to induce

18    you to plead guilty.

19              I'm going to listen to something about what

20    you did in this case so the Court can establish that there's

21    a factual basis for accepting and entering your plea and I'm

22    going to ask you to reaffirm the information you just gave me

23    about your personal history and background and I want to

24    advise you if your answers are not truthful, they may later

25    be used against you in a prosecution for perjury or for
```

USA vs Robinson

```
 1    making a false statement.

 2                Now, before I ask you those additional

 3    questions and before the clerk takes your plea on the count,

 4    four counts, I have to advise you of certain rights that you

 5    have in connection with this matter.  First of all, you have

 6    the right to persist in your original plea of not guilty as

 7    to all counts.  You have the right to a speedy and a public

 8    trial by an impartial jury of 12 persons or to a trial by the

 9    Court alone if you were to waive or give up your right to a

10    jury trial.

11                At such a trial you'd have the right to the

12    assistance of an attorney.  You'd have the right to confront,

13    that is, to see and hear any witnesses sworn against you and

14    to cross-examine them.  You'd have the right to remain silent

15    or to testify in your own behalf but you couldn't be

16    compelled to incriminate yourself or to testify at all and

17    your silence couldn't be held against you in any way nor

18    could any inferences of guilt be drawn against you if you

19    decided not to testify.

20                You'd have the right to use the subpoena or

21    other processes of the Court, to compel witnesses to attend

22    the trial and testify and to obtain any documentary or other

23    evidence you might wish to offer in your own defense.

24                Now, if the Court accepts your plea of guilty

25    here this morning, you're going to waive or give up all those
```

USA vs Robinson

1    rights, there won't be a trial of any kind and the Court will

2    have the same power to sentence you as if you'd been found

3    guilty after a trial on the counts to which you're pleading.

4                    Now, you told me a few moments ago that you

5    discussed the charges in the information with Miss Peebles

6    and she explained those to you and you understood them.  Was

7    that true?

8                    THE DEFENDANT:  Yes.

9                    THE COURT:  Did she also tell you about the

10   potential statutory sentences and the consequences of

11   pleading guilty?

12                   THE DEFENDANT:  Yes.

13                   THE COURT:  Did she talk to you about the

14   guidelines?

15                   THE DEFENDANT:  Yes.

16                   THE COURT:  Did she also tell you about your

17   chances of winning or losing if you decided to go to trial,

18   trial strategy and defenses?

19                   THE DEFENDANT:  Yes.

20                   THE COURT:  All right.  The Court wants to advise

21   you lastly that your plea of guilty constitutes a waiver or

22   giving up of your right against self-incrimination and I

23   don't want you to plead guilty unless you're, in fact, guilty

24   of the charges made in the information.

25                   Do you still wish to plead guilty?

USA vs Robinson

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  Madam clerk.

 3              THE CLERK:  As to the information, United States

 4    Attorney charges in or about 2015 through 2017, in Ulster

 5    County, Northern District of New York, the defendant, Cammron

 6    Robinson, did employ, use, persuade, induce, entice and

 7    coerce the minors listed below to engage in sexually explicit

 8    conduct for the purpose of willfully causing the production

 9    of visual depictions of such conduct, and for the purpose of

10    willfully causing the transmission of a live visual depiction

11    of such conduct, knowing and having reason to know that such

12    visual depictions would be transported and transmitted using

13    any means and facility of interstate and foreign commerce and

14    in and affecting interstate and foreign commerce, and where

15    the visual depictions were produced using materials that had

16    been mailed, shipped and transported in and affecting

17    interstate and foreign commerce, by any means, including by

18    computer, and where such visual depictions were actually

19    transported and transmitted using any means or facility of

20    interstate commerce, interstate or foreign commerce or in or

21    affecting interstate or foreign commerce, in violation of

22    Title 18, United States Code, Sections 2251(a) and (e)

23    and (2)(b).

24              Count one, V-1, a male child under the age of

25    13.
```

USA vs Robinson

1          Count two, V-2, a male child under the age of

2    14.

3          Count three, V-3, a male child under the age

4    of 12.

5          Count four, V-4, a male child under the age of

6    12.

7          As to counts one through four how do you

8    plead?

9          THE DEFENDANT:  Guilty.

10         THE CLERK:  Do you admit to the forfeiture

11   allegation as contained in the information?

12         THE DEFENDANT:  Yes.

13         THE CLERK:  Thank you.

14         THE COURT:  All right.  Mr. Robinson, a few moments

15   ago I asked you your name, your age, date of birth, a little

16   bit about your educational background and work history,

17   little bit about your family situation, if you had ingested

18   any materials that would interfere with your ability to

19   understand the charges and consequences, were you under the

20   care and treatment of any medical care providers and what

21   conditions you're being treated for and what medications were

22   you taking.  I asked you did you have counsel, did she

23   explain the charges to you and did you understand them.

24         If I asked you all those same questions again,

25   would you give me the same answers?

USA vs Robinson

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Has Miss Peebles advised you of your
 3  rights in this case?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Is there anything you'd like to ask me
 6  about your rights this morning?
 7              THE DEFENDANT:  No.
 8              THE COURT:  Are you satisfied what Miss Peebles has
 9  done for you so far?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Has Miss Peebles or Mr. Brown or any
12  public officials or anyone made any promises to you that
13  you'd be treated leniently in exchange for your plea of
14  guilty, except what's in your plea agreement?
15              THE DEFENDANT:  Yeah.
16              THE COURT:  Tell me about it.
17              THE DEFENDANT:  The fact that if I accept the plea,
18  I should --
19              THE COURT:  You're going to have to speak into the
20  microphone.
21              THE DEFENDANT:  Never mind, your Honor.
22              THE COURT:  So no one's made any promises to you
23  that you'd be treated leniently, except what's in your plea
24  agreement, right?
25              THE DEFENDANT:  No.
```

USA vs Robinson

```
 1          THE COURT:  Right or wrong?

 2          THE DEFENDANT:  Right.  I misunderstood you.

 3          THE COURT:  Has anybody threatened you with the use

 4  of force to induce you to plead guilty?

 5          THE DEFENDANT:  No.

 6          THE COURT:  Are you pleading guilty freely and

 7  voluntarily?

 8          THE DEFENDANT:  Yes.

 9          THE COURT:  Are you currently on probation from any

10  other court or parole from any institution?

11          THE DEFENDANT:  No.

12          THE COURT:  All right.  Mr. Brown, does the

13  government have sufficient evidence to prove Mr. Robinson

14  guilty beyond a reasonable doubt of the charges contained and

15  set forth in counts one, two, three and four in this case?

16          MR. BROWN:  Yes, your Honor.

17          THE COURT:  What would you prove if we went to

18  trial?

19          MR. BROWN:  Thank you, your Honor.  The united

20  States of America submits that if this case were to go to

21  trial, the government would establish the following facts

22  beyond a reasonable doubt.  This is a brief summary of those

23  facts which are laid out in more detail in the plea

24  agreement.

25               First, at all times relevant to the indictment
```

USA vs Robinson

```
 1    the defendant was living in Ulster County, New York which is
 2    located in the Northern District of New York.
 3                  Second, from in or about 2015 through in or
 4    about 2017, the defendant, using various electronic
 5    communications platforms, including Skype, Zoom, PS4 and a
 6    cellular telephone, communicated with numerous male children.
 7    During the course of these communications the defendant
 8    persuaded, induced, enticed, coerced and willfully caused
 9    boys between the ages of 11 and 13 to masturbate and show
10    their genitalia by transmitting live depictions of this
11    sexually explicit activity to him.  The sexually explicit
12    acts and images were recorded by the defendant so he could
13    watch and/or look at them again.
14                  The defendant also persuaded, induced, enticed
15    coerced, and willfully caused boys between the ages of 11 and
16    13 to produce and send him pictures of their genitalia.  In
17    response to the defendant's instructions, boys between the
18    ages of 12 and 14 produced lewd and lascivious pictures of
19    their genitalia for the defendant, I'm sorry, between ages of
20    11 and 14, and at this request sent them to the defendant via
21    e-mail using an internet connection.
22                  At the time he engaged in the conduct
23    described above, the defendant knew the boys involved were
24    under the age of 18.
25                  Among the images and videos created as a
```

USA vs Robinson

1   result of the defendant's conduct and possessed by the

2   defendant on his laptop computer, Lenovo laptop, are the

3   following:

4                Video file stored in the file folder under

5   Victim-1's true name that's approximately eight minutes long

6   and depicts Victim-1 masturbating.

7                A video file stored in Victim-2's true name

8   that is approximately 29 minutes long and depicts Victim-2

9   masturbating.

10               Three, images stored in a file folder under

11  Victim-3's true name that depict Victim-3's genitals

12  displayed in a lewd and lascivious manner.

13               A video file stored in a file folder under

14  Victim-4's true name that's approximately 23 minutes long and

15  depicts Victim-4 masturbating while the defendant tells

16  Victim-4 where to place the cellular telephone so the camera

17  can best capture the child masturbating.

18               The defendant admits he persuaded, induced,

19  enticed and coerced each of the male children to perform this

20  sexually explicit conduct for the purpose of having him

21  produce the videos and images for him of that conduct.

22               The defendant acknowledges that each of the

23  items listed in the forfeiture allegations of the information

24  in Paragraph 1(f) contain child pornography used or intended

25  to be used to facilitate child exploitation crimes.

USA vs Robinson

```
1                    Thank you.
2              THE COURT:  Can you prove that these events
3    occurred in the Northern District of New York?
4              MR. BROWN:  Yes, your Honor.  As originally stated,
5    at all times relevant to the conduct the defendant was living
6    in Ulster County, which is in the Northern District.
7                    Thank you.
8              THE COURT:  All right.  Mr. Robinson, did you hear
9    and understand what Mr. Brown said about your conduct in this
10   case?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Is that what you did?
13             THE DEFENDANT:  Yes.
14             THE COURT:  Is that your understanding,
15   Miss Peebles?
16             MISS PEEBLES:  It is, your Honor.
17             THE COURT:  Mr. Brown, would you please advise
18   Mr. Brown what the maximum penalty would be for the counts
19   involved?
20             MR. BROWN:  Certainly, your Honor.  The maximum
21   term of imprisonment for each count will be 30 years with a
22   mandatory minimum imprisonment of 15 years.  The maximum fine
23   is $250,000.  The potential terms of supervised release would
24   be five years minimum to maximum of life.  And there would be
25   a special assessment of $100 per count.
```

USA vs Robinson

1              There's also collateral consequences of losing

2    the right to vote and requirement to register as a sex

3    offender and with respect to the guidelines, preliminary

4    calculation based upon the stipulation set forth in the plea

5    agreement, would be a guidelines range of 360 months to life.

6         THE COURT:  All right.  In addition to what

7    Mr. Brown stated about having adverse consequences, if the

8    Court were to sentence you to a period of incarceration

9    followed by a period of supervised release, if you violated

10   any of the terms and conditions imposed by the Court as to

11   the supervised release you'd be subject to a further term of

12   imprisonment.  Do you understand that?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Also, upon conviction of these

15   felonies, you're going to lose the right to possess and bear

16   firearms.  You'll lose the right to vote in certain

17   jurisdictions and the right to hold public offices in certain

18   jurisdictions.

19              Also, under and pursuant to certain sentencing

20   guidelines referred to by Mr. Brown a moment or two ago that

21   used to be -- adopted by the United States that used to be

22   mandatory but are no longer mandatory but still must be

23   considered by the Court in the sentencing process, my

24   discretion in sentencing you is thereby affected and the

25   Court must follow the law as it stands today but sometimes

USA vs Robinson

1   the Court can sentence you above the guidelines or below the

2   guidelines or even outside of the guidelines depending upon

3   the facts, the circumstances and the law that's presented to

4   the Court at or about the time of sentencing.

5             So, do you understand what I just said about

6   the sentencing guidelines?

7             THE DEFENDANT:  Yes.

8             THE COURT:  Mr. Brown, you want to tell me what the

9   base offense level is.

10            MR. BROWN:  Certainly, your Honor, base offense

11   level is a 32.

12            THE COURT:  What's the total offense level?

13            MR. BROWN:  The total offense level would be a 45

14   with the stipulations and if there are 3 points off for the

15   acceptance of responsibility aspect, that drops to a 42 which

16   becomes a guideline of 360 to life but, of course, given the

17   counts here it's not actually life, it would be 360.  If all

18   the counts were stacked, 120 years.

19            THE COURT:  What's the criminal history category?

20            MR. BROWN:  One.

21            THE COURT:  Okay.  Mr. Robinson, did you sign your

22   plea agreement in this case?

23            THE DEFENDANT:  Yes.

24            THE COURT:  And did you talk it over with Miss

25   Peebles before you signed it?

USA vs Robinson

```
1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Did you understand it when you signed

3    it?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Did you sign it voluntarily?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Miss Peebles, did you sign on behalf of

8    Mr. Robinson knowingly and voluntarily?

9              MISS PEEBLES:  Yes, I did, your Honor.

10             THE COURT:  Mr. Brown, did you sign on behalf of

11   the government knowingly and voluntarily?

12             MR. BROWN:  Yes, your Honor.

13             THE COURT:  Mr. Robinson, in your plea agreement on

14   page 9 at paragraph 7 you've informed the Court in writing

15   that you've agreed to give up or waive the right to appeal or

16   collaterally attack certain items in connection with this

17   matter and more particularly you've agreed to waive or give

18   up the right to appeal or collaterally attack the conviction

19   resulting from your guilty plea today; any claim that the

20   statute to which you're pleading guilty is unconstitutional;

21   any claim that the admitted conduct does not fall within the

22   scope of the statute; any sentence to a term of 240 months or

23   less; any sentence to a fine within the maximum permitted by

24   law and any sentence of a term of supervised release within

25   the maximum permitted by law.  Did you understand -- also,
```

USA vs Robinson

1   any order of forfeiture or restitution imposed by the Court

2   that is consistent with governing law and is not contrary to

3   the terms of the plea agreement.

4                    Now, did you understand and appreciate what

5   you were doing when you agreed to give up those rights?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  And did you do that voluntarily?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  All right.  The Court also has to

10  advise you that it's not bound by any sentencing

11  recommendation contained in your plea agreement and you'll

12  have no right to withdraw your plea of guilty if the Court

13  decides not to accept any recommendations contained in the

14  plea agreement.  The Court will, of course, however defer its

15  decision to reject or accept any recommendations in the plea

16  agreement until I've seen the presentence report prepared by

17  the probation department and any other materials that are

18  forwarded to me that bear on sentencing from the government

19  or from Miss Peebles or you or anybody on your behalf.

20                   So, do you understand what I just said about

21  the Court's ability to reject any non-binding recommendation

22  in the plea agreement?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Now that you've heard about the

25  potential statutory sentence and the guidelines, do you still

USA vs Robinson

```
 1   wish to plead guilty?

 2            THE DEFENDANT:  Yes, your Honor.

 3            THE COURT:  And are you pleading guilty because

 4   you're guilty?

 5            THE DEFENDANT:  Yes, your Honor.

 6            THE COURT:  Miss Peebles, would you state your

 7   background and experience.

 8            MISS PEEBLES:  Yes, your Honor.  I've been with the

 9   Office of Federal Public Defender going on 20 years in July.

10   Prior to my employment with this office I was also working as

11   a private attorney handling cases, both retained and

12   assigned, in federal court.

13            THE COURT:  All right.  Approximately how much time

14   have you spent so far defending Mr. Robinson?

15            MISS PEEBLES:  In my office, all together, more

16   than 45 hours.  Myself, more than 25 hours, your Honor.

17            THE COURT:  Have you had what you believe to be

18   adequate discovery of the government's case?

19            MISS PEEBLES:  I have, your Honor.

20            THE COURT:  Have you advised Mr. Robinson of his

21   rights, the nature of the charges and consequences of

22   pleading guilty?

23            MISS PEEBLES:  I did, your Honor.

24            THE COURT:  Except what's contained in the plea

25   agreement, have you made any promises or threats to induce
```

USA vs Robinson

1  him to plead guilty?

2          MISS PEEBLES:  No, your Honor.

3          THE COURT:  Are you satisfied that he's pleading

4  guilty freely and voluntarily with an understanding of the

5  charges and the consequences?

6          MISS PEEBLES:  I am, your Honor.

7          THE COURT:  Do you know of any defenses that he has

8  that would prevail if the case went to trial?

9          MISS PEEBLES:  No, I do not.

10         THE COURT:  Any reason he should not plead guilty?

11         MISS PEEBLES:  No, your Honor.

12         THE COURT:  Based on the foregoing the Court will

13  find that Mr. Robinson pled guilty freely and voluntarily;

14  that he is and was competent to enter such a plea; that he

15  understands the charges against him and the consequences of

16  pleading guilty; that there is and was a basis in fact for

17  the Court accepting and entering the plea.

18             The Court will set sentencing for Wednesday,

19  April 17, 2019 at 10 AM in Albany, New York.

20             Is there anything further from the government?

21         MR. BROWN:  No, your Honor.  Thank you.

22         THE COURT:  Defense counsel?

23         MISS PEEBLES:  No, your Honor.  Thank you.

24         THE COURT:  Thank you everybody.  Court stands

25  adjourned in this matter.

1                    (Court stands adjourned)

2

3            CERTIFICATE OF OFFICIAL REPORTER

4

5        I, VICKY A. THELEMAN, Federal Official

6   Realtime Court Reporter, in and for the United

7   States District Court for the Northern District of

8   New York, do hereby certify that pursuant to Section

9   753, Title 28 United States Code that the foregoing

10  is a true and correct transcript of the

11  stenographically reported proceedings held in the

12  above-entitled matter and that the transcript page

13  format is in conformance with the regulations of the

14  Judicial Conference of the United States.

15

16

17                        /s/ Vicky A. Theleman

18                   VICKY A. THELEMAN, RPR, CRR

19                   US District Court - NDNY

20

21

22  Dated:  June 21, 2019.

23

24

25